## ANTONIO MONROIG ET AL.

### *v.*

## CORNELIUS B. PARKER, ETC.

--------

San Juan, Equity, No. 942.

INJUNCTION AND SPECIFIC PERFORMANCE.

Preliminary Injunction—Merits.

    1. The court will not try the merits upon the application for a preliminary injunction.

Specific Performance—Other Relief.

    2. In an application for a specific performance, the transaction must be clear, and there must be no other adequate relief.

Opinion filed November 10, 1913.

--------

*Mr. Frank Antonsanti* for plaintiffs.

*Messrs. O. M. Wood* and *Joseph Anderson, Jr.,* for defendants.

HAMILTON, Judge, delivered the following opinion:

The court thinks that justice will best be done in this case by granting the temporary injunction on whatever bond may be fixed, and, of course, the defendants have leave at once to move to dissolve on putting in an answer and with proper proof; but the court cannot try the case upon an application for a preliminary injunction. The defendants may make their defense so promptly that nothing can be done to injure them. It is not a question of condemnation. There was a large piece of land, of which the plaintiffs have bought one piece. That is all they have done. It is alleged in the bill that at the same time they made a contract by which they are to have a right of way over another piece of land, and that those two matters make up the whole deal. Whether that is so or not, of course, the court does not know, but that is the allegation of the bill.

2. The application is really for specific performance to make the parties defendant grant, in whatever may be the proper form, by deed or otherwise, this right of way. In an application for specific performance, the transaction must be clear, and there must be no other adequate relief. That seems to be so in this case. So the court will grant the preliminary injunction, and fix the bond at $5,000, and the defendants may make a motion to dissolve as soon as they please.